**Electronically Filed
Intermediate Court of Appeals
29799
18-OCT-2011
08:02 AM**

NO. 29799

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant, v.
RAYMOND L. FOSTER, also known as "RAY," Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 06-1-0449(1))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (the State) appeals from the Findings of Fact, Conclusions of Law and Order entered on April 2, 2009, which granted Defendant-Appellee Raymond L. Foster's (Foster) Renewed Motion for Judgment of Acquittal in the Circuit Court of the Second Circuit (circuit court).[1]

Foster was acquitted by the circuit court of being a Felon in Possession of a Prohibited Firearm in violation of Hawaii Revised Statutes (HRS) §§ 134-7(b) and/or (h) (Supp. 2010) and subject to HRS § 706-660.1 (1993) and being a Felon in Possession of Firearm Ammunition in violation of HRS §§ 134-7(b) and/or (h),[2] after the jury found Foster guilty of both charges.

---

[1]     The Honorable Joel E. August presided.

[2]     **§134-7  Ownership or possession prohibited, when; penalty.**

(b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of

(continued...)

The State raises two point on appeal.  First, the State argues the circuit court erred by disregarding the applicable standard of review by usurping the province of the fact-finder when it granted Foster's renewed motion for judgment of acquittal.  Second, the State argues that the circuit court erred by disregarding the applicable law on constructive possession when it granted Foster's renewed motion for judgment of acquittal.

After careful review of the issues raised, arguments advanced, applicable law, and record in the instant case, we resolve the State's points of error as follows:

(1) The circuit court did not usurp the province of the jury when it granted the renewed post-verdict motion for judgment of acquittal.  By allowing "renewal" of a motion for judgment of acquittal, the Hawai'i Rules of Penal Procedure (HRPP) Rule 29(c) allows a court to reconsider and change its decision as to an earlier ruling on a motion for judgment of acquittal.[3]  HRPP Rule 29(c) states:  "If a verdict of guilty is returned the court may on [a motion for judgment of acquittal] set aside the verdict and enter a judgment of acquittal."  HRPP Rule 29(c) expressly provides for the circuit court's action in this case.

(2) As the evidence adduced in the trial court must be considered in the strongest light for the prosecution, there was substantial evidence to support Foster's convictions of Felon in

---

[2](...continued)
    having committed a felony, or any crime of violence, or an
    illegal sale of any drug shall own, possess, or control any
    firearm or ammunition therefor.

    . . . .

    (h) Any person violating subsection (a) or (b) shall be
    guilty of a class C felony; provided that any felon
    violating subsection (b) shall be guilty of a class B
    felony.

[3]     HRPP Rule 29(c) provides:  "If the jury returns a verdict of guilty . . . a motion for judgment of acquittal may be made or renewed within 10 days after the jury is discharged. . . .  If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal."

Possession of a Prohibited Firearm and Felon in Possession of Firearm Ammunition. State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (stating that the proper standard of review on appeal for claims of insufficient evidence is whether there existed substantial evidence to support the conclusion of the trier of fact).

"To support a finding of constructive possession the evidence must show a sufficient nexus between the accused and the [object] to permit an inference that the accused had both the power and intent to exercise dominion or control over the [object]. Mere proximity is not enough." State v. Brown, 97 Hawai'i 323, 336, 37 P.3d 572, 585 (App. 2001) (quoting State v. Mundell, 8 Haw. App. 610, 622, 822 P.2d 23, 29 (1991), overruled on other grounds by State v. Jenkins, 93 Hawai'i 87, 112, 997 P.2d 13, 38 (2000)) (emphasis added and quotation marks and brackets omitted).

The undisputed facts in the record reveal that Foster had knowledge that the rifle and ammunition were in proximity to him in the vehicle (the ammunition clip with three bullets was found on the center of the front seat between Foster and his passenger Phillip Malano (Malano), and Foster saw Malano take the rifle out of the ukulele case, fire several rounds, and get back into the vehicle with the rifle). The evidence presented by the State, however, also raises a fair inference of guilt regarding Foster's mental state, specifically, Foster's intent to have dominion and control over the rifle and ammunition. The undisputed facts in the record reveal that the ammunition clip was on the front seat in easy reach of Foster, and that Foster willingly and intentionally allowed Malano to re-enter the 4Runner with the rifle and ammunition after Foster knew that Malano was carrying a working rifle and ammunition. As the driver and owner of the 4Runner, Foster had ultimate control over who and what was allowed inside the vehicle as well as the activities occurring inside the 4Runner. Foster could have refused to let Malano back into the 4Runner with the rifle and

3

ammunition. Also noteworthy is the undisputed fact that during his statement to the police, Foster never expressed that he was fearful of or threatened by Malano. This fact is circumstantial evidence of, at a minimum, Foster's willingness to assist Malano in the latter's activities involving use of the firearm and ammunition.

Upon viewing the evidence presented in the light most favorable to the State, there is sufficient evidence from which the jury could have reasonably concluded that Foster was a felon who intentionally possessed the subject rifle and ammunition in violation of HRS § 134-7(b).

Therefore,

IT IS HEREBY ORDERED that the April 2, 2009 Findings of Fact, Conclusions of Law and Order entered by the Circuit Court of the Second Circuit is vacated and the case is remanded for re-sentencing based on the jury's verdicts.

DATED: Honolulu, Hawai'i, October 18, 2011.

On the briefs:

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Chief Judge

Cynthia A. Kagiwada,
for Defendant-Appellee.

Associate Judge

Associate Judge

4